KRAEMER v. UNITED STATES. JOHNSON & JOHNSON v. SAME.
AMERICAN EXPRESS CO. v. SAME. PITT & SCOTT v. SAME.

(Circuit Court, S. D. New York. February 22, 1906.)

Nos. 4,076, 4,079.

CUSTOMS DUTIES—COMPONENT OF CHIEF VALUE—ASCERTAINMENT.

Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], defines the component material of chief value in imported merchandise as that material "which shall exceed in value any other single component material." As to certain catheters and similar articles composed of a fabric of silk or cotton covered with varnish made from linseed oil and copal, it appeared that the cotton or silk exceeded the value of the linseed oil and copal taken singly, but did not exceed their value when combined into varnish. *Held,* that the varnish, and not either of the two substances of which it was made, constituted a "single component material," within the meaning of the law, and that it should be considered the component material of chief value.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,112 (T. D. 26,609), affirmed the assessment of duty by the collector of customs at the port of New York.

Hatch & Clute (J. Stuart Tompkins, of counsel), for the importers.
Henry A. Wise, Asst. U. S. Atty.

WHEELER, District Judge. This merchandise consists of catheters and bougies made some of cotton, and others of silk, covered with a varnish composed of linseed oil and copal made and elaborately applied by hand. According to the evidence and finding, if the oil and copal are each considered as separate materials, the cotton and silk would, respectively, be of greater value than either of the other materials, and the articles were assessed, against protests, as of cotton and silk chief value accordingly.

The Tariff Act of July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], provides that the component material of chief value shall be that "which shall exceed in value any other single component material," in its condition as found in the article. The question here seems to be whether the materials found in these articles are cotton or silk and varnish, or cotton or silk, linseed oil and copal. The manufacturers of these particular articles purchased the linseed oil and the copal, and compounded them for this use, but those are suitable materials for varnish, and this would not make the condition of this composition as found in these articles any different from what it would have been if they had bought the varnish as such. The composition is applied to the surface of the cotton or silk foundation as varnish is, although by hand, and, although it adds to the body of the articles, it is finished to a polished surface as varnish usually is. In Seeberger v. Hardy, 150 U. S. 420, 14 Sup. Ct. 170, 37 L. Ed. 1129, Mr. Justice Brown, in speaking of wood and plush furniture under these statutes

says: "The true rule would seem to be to take each of them as they go into the furniture." The plush, and not the fiber of which it was made, would be the component material. So, here, the varnish, and not the linseed oil, and the copal separately, would seem to be the component material found in the articles. In this view the articles are not of cotton or silk chief value, and should not be assessed as such, but should be under section 6, as nonenumerated manufactured articles.

Decision reversed, and assessment ordered accordingly.